Reese, J.
delivered the opinion of the court.
Complainant sold to defendant, Hunter, real estate, and conveyed to him the same by deed of bargain and sale. The sale was on a credit of one, two, three and four years, and no other security taken for the price or purchase money, than the bonds or bills single of the vendee. The first two instalments were paid, and the last two not due, when the defendant Hunter, the vendee, contracted to sell and convey the real estate purchased of the complainant to the other defendant Searcy. Under these circumstances this bill was filed to assert and set up the vendor’s lien for the unpaid purchase money which was not due. It is a case, where it is clear that, as between vendor and vendee, the lien existed, and the defendant Searcy acknowledges that at the time of the purchase from Hunter, he knew that a portion of the purchase money was unpaid to complainant; moreover, at the time of the bill filed, Searcy had not paid to Hunter the price stipulated to be paid to him for the land, nor had he received and accepted from him a deed for the land. So far the matter is very clear.
*570 But what was the use of the bill? Nothing being due to the complainant at the time, the land could not be subjected to the satisfaction of his lien. As to the notice which the allegations of the bill would give to Searcy of the nature and extent of complainant’s right or claim, that could .as well have been done orally, or in any other manner, so far as it was necessary.
The nature of the lien existing between vendor and vendee, cannot be, and ought not to be changed in nature or extent by judicial declaration and injunction in chancery, uncoupled with a sale of the premises for the satisfaction of the lien. The order that the complainant has obtained from the Chancellor upon the defendants, that they shall not sell the land without telling the purchaser that the complainant’s lien exists, is unsus-tained, we imagine, by principle or precedent. Suppose he does sell without such announcement, does Searcy become debt- or to the complainant instead of the land? Or shall he be merely proceeded against as for a contempt? The effort is to create a new species of judicial mortgage. This cannot be done. It is incident to the nature of this lien, that the vendor may lose it by a fair sale and conveyance on the part of the vendee to a third person having no notice of its existence. It is the vendee’s business, if he apprehends such a contingency, to withhold the title, or take a mortgage, or personal security, or make the existence of his right notorious. But to attain his purpose in the manner attempted in this bill, would be- to change the nature and extent of the right.
The bill must be dismissed with costs.